# Inner City Press

Case: 1:26–mc–00089
Assigned To : Friedrich, Dabney L.
Assign. Date : 6/5/2026
Description: Misc.

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**IN THE MATTER OF SEALED AND REDACTED FILINGS IN** *United States v. Al-Marimi*, **1:22-cr-00392 (DLF)**

**Miscellaneous Case No. \_\_\_-mc-\_\_\_\_\_**

**MOTION OF INNER CITY PRESS / FAIR FINANCE WATCH AND MATTHEW RUSSELL LEE FOR UNSEALING OF DOCKET ENTRIES 468 AND 475 AND FOR DISCLOSURE OF BASIS FOR REDACTIONS IN DOCKET ENTRY 477**

---

## INTRODUCTION

Inner City Press and its reporter Matthew Russell Lee respectfully move this Court, pursuant to LCrR 57.6, the First Amendment to the United States Constitution, and the common law right of access to judicial records, for an order: (1) unsealing the sealed attachments filed at Docket Entries 468 and 475 in *United States v. Abu Agila Mohammad Mas'ud Kheir Al-Marimi*, No. 1:22-cr-00392 (D.D.C.); and (2) requiring the government to place on the public record a specific, particularized justification for the redactions in Docket Entry 477, filed June 3, 2026.

This motion is filed at a moment of heightened urgency. A hearing was held in this case on June 1, 2026, and an oral ruling on contested evidentiary motions is scheduled for June 8, 2026. An amended pretrial order was due June 5. A joint status report on the very translations at issue in the sealed attachments is due June 12. The public's right of access to the proceedings and record in this case — concerning the alleged bomb maker responsible for the 1988 destruction of Pan Am Flight 103 and the deaths of 270 people — is at its apex as the case moves toward trial. Categorical sealing and unexplained redaction of pretrial filings at this stage is inconsistent with the First Amendment and the common law right of access.

---

## BACKGROUND

Inner City Press and Matthew Russell Lee have covered the Al-Marimi proceedings since the defendant's December 2022 arrest and initial appearance. Matthew Russell Lee is a journalist and member of the New York and DC bars, who has attended and reported on federal court proceedings in both SDNY and DDC. On May 27, 2026 Inner City Press first wrote about this case and unsealing, to Friedrich_Chambers@dcd.uscourts.gov - resulting in a docket answer that the Court does not accept letters. Hence, this filing, on which we are prepared to pay the fee (pay to unseal).

Inner City Press: E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Box 130222, Chinatown Station, New York, NY 10013


**RECEIVED**

JUN 04 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

The case against Abu Agila Mohammad Mas'ud Kheir Al-Marimi — accused of constructing the bomb that destroyed Pan Am Flight 103 over Lockerbie, Scotland on December 21, 1988, killing all 259 persons aboard and 11 on the ground — is among the most significant criminal prosecutions in this Court's history. After more than 37 years of investigation, the defendant has been in federal custody since December 2022. Discovery in the case comprises over 413,000 separate files across 356 gigabytes of data. Trial, though repeatedly delayed due to the defendant's health and attorney changes, is anticipated.

The following specific sealed and redacted filings are at issue:

**Docket Entry 460 (Notice re Translations):** A notice filed by the government identifying translations at issue in the pretrial proceedings. The full contents of this notice do not appear on the public docket.

**Docket Entries 468 and 475 (Sealed Attachments):** Identified in the Court's May 29, 2026 Minute Order as sealed attachments to the Dkt. 460 Notice regarding translations. The May 29 Minute Order directed the parties to report by June 12 whether agreement has been reached on these translations. No public order articulates why these attachments remain sealed, and no sealing order specifying the interests served by keeping them from the public appears on the public docket.

**Docket Entry 477 (Partially Redacted Reply, June 3, 2026):** The government's Reply in Support of its Motion to Exclude or Limit Testimony of a Proffered Metallurgy Expert, described as "Partially Redacted." The government itself has thus acknowledged that some portion of this filing can be made public — which raises the question of whether the redacted portions satisfy the narrow tailoring requirement, and whether the basis for the redactions has been stated in any public filing.

---

## ARGUMENT

### I. THE FIRST AMENDMENT AND COMMON LAW ESTABLISH A PRESUMPTION OF ACCESS TO CRIMINAL COURT RECORDS THAT IS AT ITS STRONGEST AS TRIAL APPROACHES.

The public and press have both a First Amendment and a common law right of access to criminal court records. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980); *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986). The D.C. Circuit applies these principles robustly to pretrial filings. *In re Reporters Comm. for Freedom of the Press*, 773 F.2d 1325, 1336 (D.C. Cir. 1985); *United States v. Hubbard*, 650 F.2d 293, 314-17 (D.C. Cir. 1980). To overcome the presumption of access, the government must demonstrate a compelling interest, make specific on-the-record findings, and demonstrate that sealing is narrowly tailored. *Press-Enterprise II*, 478 U.S. at 13-14. Conclusory or boilerplate justifications are insufficient.

The presumption of access strengthens as a case approaches trial. Where, as here, the defendant has been arraigned, pretrial motions are being litigated, evidentiary rulings are imminent, and an amended pretrial order is due, the public's interest in understanding the proceedings is not abstract — it is immediate and concrete.

## II. THIS CASE PRESENTS AN EXTRAORDINARY PUBLIC INTEREST.

The Lockerbie bombing killed 270 people, including 189 Americans. It is one of the worst terrorist attacks in American history. The Al-Marimi prosecution is the first time a defendant has faced a United States federal criminal trial in connection with that attack. Victims' families have attended court proceedings. Foreign governments have an interest in the outcome. Multiple nations' legal processes have intersected with this case over nearly four decades.

The translation disputes at issue in Dkts. 468 and 475 bear directly on what evidence will be presented at trial — and thus on the fundamental fairness and integrity of the proceedings that victims, their families, the American public, and the international community have waited decades to see. The public's interest in understanding what translations are at issue, what disputes have arisen, and how the Court resolves them could not be higher.

## III. THE PARTIAL REDACTION OF DKT. 477 UNDERSCORES THAT NARROWER RELIEF IS AVAILABLE AND REQUIRED.

The government's own decision to file Dkt. 477 only partially redacted is significant. It demonstrates that at least some of the information in the metallurgy expert briefing can be made public without harm to any legitimate government interest. That acknowledgment reinforces the narrow-tailoring requirement: if portions of expert testimony briefing can be disclosed, the burden on the government to justify the redacted remainder is heightened, and that justification must appear somewhere on the public record. No such public justification presently exists.

The same logic applies to Dkts. 468 and 475. If the parties are negotiating over translations and reporting on that negotiation to the Court, some or all of the underlying translation materials may be releasable in full or in redacted form. The Court should at minimum require a public filing specifying what interests require continued sealing, why those interests outweigh the presumption of access, and why no less restrictive alternative — such as redaction — would serve those interests.

## IV. THE JUNE 8 RULING AND JUNE 12 STATUS REPORT MAKE THIS MOTION URGENT.

An oral ruling on contested evidentiary motions is scheduled for June 8, 2026. A joint status report on the translation disputes at the heart of the sealed attachments is due June 12. These imminent proceedings mean that the public's right of access is being exercised, or denied, right now. A motion filed on the eve of these proceedings is not premature — it is exactly the moment contemplated by LCrR 57.6 and the First Amendment right of access, both of which exist to ensure that the press and public can follow the actual proceedings of the court in real time, not merely review a sanitized public record months or years after the fact.

3

## CONCLUSION

For the foregoing reasons, Inner City Press and Matthew Russell Lee respectfully request that this Court:

(1) Assign this motion a Miscellaneous docket number pursuant to LCrR 57.6 and direct service on the parties in *United States v. Al-Marimi*;

(2) Order unsealing of Docket Entries 468 and 475, or in the alternative direct the government to file a public brief within five days articulating, with specificity and particularization, the interests that require continued sealing and demonstrating that those interests cannot be served by redaction;

(3) Require the government to place on the public record the basis for the redactions in Docket Entry 477, and to demonstrate that those redactions are narrowly tailored; and

(4) Grant such further relief as the Court deems appropriate to vindicate the public's First Amendment and common law right of access to these proceedings.

Going forward, we note that since December 2025 Inner City Press has written to DDC, Magistrate Judge Faruqui, Chief Judge Boasberg and twice to his Special Assistant inquiring how to raise the issue of the many needed unsealings, including of the -sz- / seizure line of sealed cases - without substantive response. We have ourselves learned of this process as trust that it will proceed at least as it has for others, on this request and others forthcoming.

Respectfully submitted,

*Matt Lee*

Matthew Russell Lee
Inner City Press
PO Box 130222
Chinatown Station
NYC NY 10013
Matthew.Lee@innercitypress.com

April 6, 2026, New York Times, "Suspect in Hacking of Climate Activists Is Extradited to New York," by Karen Zraick, "His extradition to the United States from Britain was reported earlier by Inner City Press," https://www.nytimes.com/2026/04/06/climate/forlit-exxon-dci-hacking-extradition.html

March 25, 2026, Puck News, "Will Live Nation Get Away With It?" by Eriq Gardner, "Some of the more embarrassing aspects of the case have leaked out thanks in part to reporter and lawyer Matthew Lee with Inner City Press, who won a motion to have all trial evidence shared on the public docket. That led to the infamous "Robbing Them Blind" Slack messages in which two low-level employees spent hours bragging about how they overcharge fans for parking and think Kid Rock fans are "idiots." https://puck.news/will-live-nation-get-away-with-it/