**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **In the Matter of Sealed and** | **:** | |
| **Redacted Filings in *United*** | **:** | |
| ***States v. Al-Marimi*,** | **:** | **Case No. 1:26-mc-89 (DLF)** |
| **1:22-cr-00392 (DLF)** | **:** | |

**UNITED STATES' RESPONSE TO INNER CITY PRESS'S MOTION FOR UNSEALING OF DOCKET ENTRIES 468 AND 475 AND FOR DISCLOSURE OF BASIS FOR REDACTIONS IN DOCKET ENTRY 477**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to Inner City Press's motion for unsealing of Docket Entries 468 and 475, and for disclosure of basis for redactions in Docket Entry 477. *See* ECF 1 (in this matter) at 1. In short, based on the government's reading of the motion, each of Inner City Press's request is moot. Docket Entries 460 and 477 are already filed on the docket in full, and the Court has already ruled that the documents in ECF 468 and 475 are properly sealed under the *Hubbard* factors. *See United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980).

Inner City Press states that four docket entries in 22-cr-392 (DLF) are at issue: 460, 468, 475, and 477. ECF 1 at 2. The United States supplies its position as to each docket entry below:

1. ECF 460

Inner City Press incorrectly states that this pleading was a "notice filed by the government identifying translations at issue in the pretrial proceedings." The notice was in fact filed by the defendant. *See* Dkt. 460, Case No. 22-cr-392 (DLF). Regardless, a fully unredacted version of ECF 460 appears on the public docket. That notice simply describes documents that the defense would later be submitting under seal. The sealed documents it references were later filed at ECF 468 and

475, which undersigned counsel will address below, but the entirety of ECF 460 was filed on the open docket. Thus petitioner's motion should be denied as moot as to ECF 460.

    2.  <u>ECF 468 and 475</u>

Dkts. 468 and 475 from Case No. 22-cr-392 are sealed attachments that were originally docketed as sealed attachments to defense motions for leave to file under seal. *See* Dkts. 462 and 465 from Case No. 22-cr-392. Dkt. 468 includes highlighted versions of the defendant's statement. The Court has already ruled that the entirety of the defendant's statement is properly sealed at this juncture. *See* Minute Order dated December 12, 2025. Dkt. 475 includes material that was designated as "sensitive" under the protective order, and the Court granted the defendant's motion to seal on that basis. *See* ECF 465; Minute Order dated May 26, 2026. Moreover, because the documents contained in ECF 475 are discovery materials that the parties have thus far not asked the Court to take any action on, the public's right to access them is significantly diminished. *See United States v. Kravetz*, 706 F.3d 47, 55 (1st Cir. 2013) ("[T]he courts of appeals have uniformly held that the public has no common law or constitutional right of access to materials that are gained through civil discovery but neither introduced as evidence at trial nor submitted to the court as documentation in support of motions or trial papers." (collecting cases)). Thus, because the court has already ruled the materials at issue to be properly sealed under the *Hubbard* factors and because there is generally no right of access to discovery materials, the materials in Dkts. 468 and 475 from Case No. 22-cr-392 should remain sealed.

    3.  <u>ECF 477</u>

Inner City Press is incorrect that Dkt. 477 from Case No. 22-cr-392 is partially redacted. Dkt. 477 was the government's reply in support of its motion to limit the testimony of the defense metallurgy expert. The government filed a partially redacted version its original motion at Dkt. 446, and it filed the full version under seal at Dkt. 447-1. When the government filed its reply, it

noted in CM/ECF that the reply related back to Dkt. 446. Doing so caused CM/ECF to auto-populate title of Dkt. 446 in the title it created for the reply. Because Dkt. 446 had "(partially redacted)" in the title, when CM/ECF populated that information, for the reply at 477 that related back to 466, the title included the phrase "(partially redacted)." However, that phrase refers to Dkt. 446, not 477. In short, the full version of Dkt. 477 is available on the public docket, and Inner City Press's motion as to that document is thus moot.

### CONCLUSION

For the above reasons, Inner City Press's motion should be denied.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:    */s/ Jocelyn Ballantine*
JOCELYN BALLANTINE (CA Bar No. 208267)
ERIK M. KENERSON (OH Bar No. 82960)
CONOR MULROE (NY Bar No. 5289640)
BRITTANY KEIL (D.C. Bar No. 500054)
Assistant United States Attorneys
JEROME J. TERESINSKI (PA Bar No. 66235)
Special Assistant United States Attorney
601 D Street NW, Washington, D.C. 20530
(202) 252-7201 // Erik.Kenerson@usdoj.gov

KATHLEEN CAMPBELL (MD Bar No. 9812170031)
JENNIFER BURKE (MD Bar No. 9706250061)
Trial Attorneys, Counter Terrorism Section
National Security Division
950 Pennsylvania Avenue NW, Washington, D.C. 20530