## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

In the Matter of Sealed and      :

Redacted Filings in United      : Case No. 1:26-mc-89 (DLF)

States v. Al-Marimi,      : 1:22-cr-00392 (DLF)

      :

## REPLY OF INNER CITY PRESS TO THE UNITED STATES' RESPONSE,

## AND RENEWED REQUEST TO UNSEAL ECF 475 and 468

Inner City Press and I respectfully submit this reply to the United States' Response, filed July 20, 2026 (ECF 4), to Inner City Press's motion for unsealing of Docket Entries 468 and 475 and for disclosure of the basis for redaction in Docket Entry 477 in the underlying criminal matter, No. 22-cr-392 (DLF). While the Court granted until August 3 to reply, this is being emailed and mailed on July 21, 2026.

As a threshold matter, this reply is being placed in the mail the morning after the government's response was filed and docketed. Inner City Press understands from the earlier response to it challenge of sealing that chambers correspondence in this docket is not conducted by email. Inner City Press has accordingly proceeded as promptly as the available channel, the United States Postal Service, permits, and respectfully requests that this reply be deemed timely and considered by the Court notwithstanding any delay inherent in physical delivery.

**1. Docket Entry 468**

The government states that "the Court has already ruled" that the defendant's statement contained in ECF 468 is properly sealed, citing a minute order of December 12, 2025. Inner City Press was not a party to, and had no opportunity to be heard in connection with, that ruling. The Hubbard factors this Circuit applies, see United States v. Hubbard, 650 F.2d 293, 317-22 (D.C. Cir. 1980), expressly require the court to weigh, among other things, the identity of any objecting party

1

RECEIVED

JUL 21 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

and the strength of the interest advanced in favor of access — an inquiry that cannot meaningfully occur when no party before the Court has advanced the public's interest in access at all. A sealing determination reached without an access-side advocate present is not the same as a sealing determination that has already accounted for and rejected the public's interest; it is a determination that interest has not yet been tested. Inner City Press further notes that the December 12, 2025 minute order itself is described as sealing the material "at this juncture" — language that on its face contemplates the possibility of a different result at a later juncture, such as the one now presented by a press motion the Court has not previously considered. It is the press' role to challenge these things.

Inner City Press respectfully requests that the Court apply the Hubbard factors afresh to ECF 468, with the benefit of the access-side argument Inner City Press's motion supplies, rather than treat the December 12, 2025 order as foreclosing further review.

## 2. Docket Entry 475

The government argues that ECF 475 consists of discovery materials to which the public has no right of access, citing United States v. Kravetz, 706 F.3d 47, 55 (1st Cir. 2013), for the proposition that no common law or constitutional right of access attaches to materials "gained through civil discovery but neither introduced as evidence at trial nor submitted to the court as documentation in support of motions or trial papers."

The government's own citation defeats its argument as to ECF 475. By the government's own account, ECF 475 was filed as a sealed attachment in support of the defendant's motion for leave to file under seal, Dkt. 465. It was therefore "submitted to the court as documentation in support of motions" — precisely the category Kravetz excludes from its discovery-materials carve-out. Material submitted to a court in support of a motion, for the court's consideration in ruling on that motion, is a judicial record subject to the ordinary presumption of public access and the Hubbard analysis, not raw discovery exchanged between parties and never placed before the Court. Inner City Press respectfully submits that Kravetz, properly

2

read, supports disclosure of ECF 475 rather than its continued sealing, and requests that the Court apply the Hubbard factors to this entry as well.

## 3. Docket Entries 460 and 477

Inner City Press does not contest the government's representation that ECF 460 was filed by the defendant rather than the government, nor its representation that a fully unredacted version of ECF 460 is publicly available. As to ECF 477, Inner City Press accepts the government's explanation that the phrase "(partially redacted)" appearing in that entry's docket title is a CM/ECF artifact carried over from the title of Dkt. 446, to which the reply at issue related back, and that the reply itself, ECF 477, is filed on the public docket in full. Inner City Press requests only that this clarification be reflected on the public docket itself, so that any member of the public consulting the docket text is not misled by the same auto-populated title that initially prompted this inquiry. Subject to that clarification, Inner City Press does not press its motion further as to ECF 460 and ECF 477.

## Conclusion

For the foregoing reasons, Inner City Press does not press its motion further as to ECF 460 and ECF 477, subject to the clarification requested above, and respectfully requests that the Court apply the Hubbard factors to ECF 468 and ECF 475 with the benefit of the access-side argument now before it.

Respectfully submitted,

/s/ *Matthew Lee*

Matthew Russell Lee

a journalist for Inner City Press

appearing in his personal capacity

Inner City Press, PO Box 130222, Chinatown Station

New York, NY 10013

matthew.lee@innercitypress.com | 718-716-3540

3