**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN THE MATTER OF SEALED AND REDACTED FILINGS IN UNITED STATES V. AL-MARIMI, 1:22-CR-00392 (DLF) | No. 26-mc-00089 (DLF) |

**ORDER**

Before the Court is Inner City Press and reporter Matthew Russell Lee's application pursuant to Local Criminal Rule 57.6 to unseal certain docket entries in *United States v. Al-Marimi*, No. 22-cr-00392 (DLF). For the reasons that follow, the Court will deny the motion.

Inner City Press and Lee have "covered the *Al-Marimi* proceedings since the defendant's December 2022 arrest and initial appearance." Appl. 1, Dkt. 1 (citation modified). In their application, they ask the Court to unseal certain docket entries in those proceedings, arguing that sealing is improper under the common law right to access criminal court records and the First Amendment. *See id.* at 2–3. In particular, Inner City Press and Lee ask the Court to (1) place the "full contents" of Docket Entry 460 on the public docket, *id.* at 2; (2) unseal Docket Entries 468 and 475 and their attachments, *see id.* at 1–2; and (3) "requir[e] the government to place on the public record a specific, particularized justification for the redactions in Docket Entry 477," *id.* at 1.

"The public's right of access to judicial records derives from two independent sources: the common law and the First Amendment." *In the Matter of the Application of WP Co. LLC*, 201 F. Supp. 3d 109, 117 (D.D.C. 2016) (citation modified). Regardless of its source, the right is not absolute and may be overcome under certain conditions.

First, the common law's "strong presumption in favor of public access," *EEOC v. Nat'l Children's Ctr.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citation modified), "may be outweighed by competing interests," *In re Leopold*, 964 F.3d 1121, 1127 (D.C. Cir. 2020). The D.C. Circuit identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), six factors for a district court to consider in determining whether a judicial record may be sealed: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22).

Separately, the First Amendment right of access to certain criminal proceedings and related court documents, *see Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 603–05 (1982); *United States v. Brice*, 649 F.3d 793, 795–96 (D.C. Cir. 2011) (delineating the scope of the right), may be overridden if "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest," *Brice*, 649 F.3d at 796 (citation modified); *see Press-Enter. Co. v. Superior Ct. of Cal.*, 478 U.S. 1, 9–10 (1986).

The Court finds that each of the objected-to filings is either already public or appropriately sealed.

**Docket Entry 460** is a notice of Al-Marimi's objections to the government's Arabic translations of various proposed exhibits. *See* Notice at 1, United States v. Al-Marimi, No. 22-cr-

00392 (D.D.C. May 22, 2026), Dkt. No. 460. Because the full contents of the notice are unsealed and available on the public docket, the Court will deny the application as to Docket Entry 460.

**Docket Entry 468** is a version of Al-Marimi's alleged statement annotated and filed by the defense; the four exhibits associated with the filing are comprised of related documents. The Court previously found that sealing of the alleged statement and related documents was appropriate under the *Hubbard* factors, *see* December 12, 2025 Minute Order, United States v. Al-Marimi, No. 22-cr-00392 (D.D.C. Dec. 12, 2025); May 23, 2026 Minute Order, United States v. Al-Marimi, No. 22-cr-00392 (D.D.C. May 23, 2026); *see generally* Redacted Sealed Memorandum Opinion and Order, United States v. Al-Marimi, No. 22-cr-00392 (D.D.C. Jan. 29, 2026), Dkt. 302 (analyzing related sealing issues pertaining to an evidentiary hearing on Al-Marimi's motion to suppress the alleged statement), and the applicants do not advance any arguments to warrant reconsidering those rulings. To start, the applicants offer no more than a generalized public interest in the alleged statement and related documents,[1] *contrast Hubbard*, 650 F.2d at 320 (where records in a criminal case were seized from a third-party nondefendant, the third party's interest in sealing was "direct and substantial"), and they do not point to any facts to suggest that the public has previously had access to the documents at issue. Furthermore, the Court continues to find that both Al-Marimi and the government have advanced weighty interests that support sealing these documents and that unsealing the alleged statement this close to trial would significantly prejudice Al-Marimi's fair trial rights. *See id.* at 320–21 ("[T]he possibility of prejudice to the defendants by sensational disclosure is a factor which may weight in favor of denying immediate public access.").

[1] Although the Supreme Court has questioned "whether the media should enjoy greater access rights than the general public," *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 586 n.2 (1980), the D.C. Circuit has treated the press's right of access as coterminous with the general public's, *see CNN, Inc. v. FBI*, 984 F.3d 114, 118–21 (2021).

Furthermore, while the applicants argue that the Court should, "at minimum," consider a less restrictive alternative to sealing, this argument fails to acknowledge that the Court's prior rulings have afforded such relief. Although the Court has sealed the alleged statement, it has ordered that the parties may "cite, quote, and rely on portions of the . . . statement in their filings and argument during public hearings." December 12, 2025 Minute Order. This partial unsealing appropriately balances the public's access against the parties' interests.

Finally, the Court rejects the applicants' argument that a *Hubbard* analysis "cannot meaningfully occur when no party before the Court has advanced the public's interest in access at all." Reply 2, Dkt. 5. The *Hubbard* factors require the Court to assess "the need for public access to the documents at issue" and "the extent of previous public access to the documents" regardless whether a member of the public has asserted an interest in disclosure. *Hubbard*, 650 F.2d at 317–19 (citation modified). And, while "the fact that *objection to access* is made by a third party weighs in favor of non-disclosure," *id.* at 320 (emphasis added), the mere fact that a third party objects to *sealing* is not itself a factor in favor of disclosure—especially where, as here, the objecting party does not identify a specific interest in unsealing.

For similar reasons, Docket Entry 468 is also appropriately sealed under the First Amendment. Assuming that the applicants have a First Amendment right to the documents at issue, the Court finds that Al-Marimi's right to a fair trial is a compelling interest that warrants sealing here, *see Press-Enter. Co.*, 478 U.S. at 13–14, and that no alternatives to closure beyond those already implemented, *see* December 12, 2025 Minute Order, adequately protect that interest.

Accordingly, the Court will deny the application as to Docket Entry 468.

Although the Court determines that sealing remains appropriate at this time, the Court notes that this assessment may change in light of trial developments. For example, absent compelling

circumstances, trial exhibits will be made available to the public by counsel for the government. As such, the Court's ruling regarding public access to the statement and related documents is subject to modification as the trial progresses.

**Docket Entry 475** contains two attachments to Al-Marimi's Notice of Objections to Portions of the Government's Arabic Translation of Filed Referred to as "Fhimah's Diary." *See* Notice at 1, United States v. Al-Marimi, No. 22-cr-00392 (D.D.C. May 26, 2026), Dkt. No. 464. The Court previously found that sealing was appropriate under the *Hubbard* factors, in part because the attachments are covered by the protective order governing this case. *See* May 26, 2026 Minute Order, United States v. Al-Marimi, No. 22-cr-00392 (D.D.C. May 26, 2026). The applicants do not offer any arguments that warrant reconsidering that ruling at this stage or that the First Amendment compels disclosure of these documents. *Cf. United States v. Kravetz*, 706 F.3d 47, 55 (1st Cir. 2013) ("[T]he courts of appeals have uniformly held that the public has no common law or constitutional right of access to materials that are gained through civil discovery but neither introduced as evidence at trial nor submitted to the court as documentation in support of motions or trial papers."). Thus, while copies of the attachments will be made available to the public if the attachments are ultimately admitted in evidence at trial, the Court will deny the application as to Docket Entry 475.

**Docket Entry 477** is a reply brief filed by the government in support of a motion to exclude or limit certain expert testimony. *See* Government's Reply in Support of Its Motion to Exclude or Limit the Testimony of Proffered Metallurgy Expert, United States v. Al-Marimi, No. 22-cr-00392 (D.D.C. June 3, 2026), Dkt. 477. Because the full contents of the brief are unsealed and available on the public docket, the Court will deny the application as to Docket Entry 477.

The Court will further deny the applicants' request to retitle Docket Entry 477 on CM/ECF. *See* Reply 3. The docket text for Docket Entry 477 reads, in relevant part: "REPLY in Support by USA as to ABU AGILA MOHAMMAD MAS'UD KHEIR AL-MARIMI re 446 MOTION to Exclude *or Limit the Testimony of Proffered Metallurgy Expert (Partially Redacted)*." The applicants ask the Court to revise this text to "clarif[y]" that the filing is unsealed "so that any member of the public consulting the docket text is not misled" by an "auto-populated title" that suggests that the filing is "partially redacted." *Id.* The Court concludes that such revisions are unnecessary. As an initial matter, it is clear from context that "*(Partially Redacted)*" refers to Docket Entry 446, not Docket Entry 477. In any event, the auto-populated docket text neither limits nor affects the public's access to Docket Entry 446.

* * *

For the forgoing reasons, it is **ORDERED** that the applicants' application to unseal certain docket entries, Dkt. 1, is **DENIED**.

The Court will enter a separate order directing the Clerk of Court to close this matter.

**SO ORDERED.**

DABNEY L. FRIEDRICH
United States District Judge

July 30, 2026